# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MIGUEL R. SIERRA,**

 Petitioner,

vs.             Case No. 4:12cv246/RH/CAS

**MICHAEL D. CREWS, Secretary,**
**Florida Department of Corrections,**

 Defendants.

_____/

## REPORT AND RECOMMENDATION

On May 10, 2012, Petitioner Miguel R. Sierra, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After direction by this Court, Doc. 7, Petitioner filed an amended § 2254 petition, Doc. 14. Petitioner challenges his conviction and sentence imposed by the Second Judicial Circuit Court, Leon County, on March 1, 2005, following a jury trial. Doc. 14 at 1. Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc 18. Petitioner has not filed a reply, although given the opportunity to do so. *See* Doc. 17.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts. (authorizing

dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By second amended information filed on December 6, 2004, the State of Florida charged Petitioner in Leon County Circuit Court case number 04CF358 with seven counts: (1) kidnaping to facilitate a felony; (2) sexual battery; (3) three counts of sexual battery with a deadly weapon; (4) burglary of a dwelling while armed; and (5) grand theft of a motor vehicle. Doc 18 Ex. C at 14-15; *see id.* at 11 (original information filed on February 27, 2004). On December 8, 2004, Petitioner proceeded to a jury trial, and the jury found him guilty as charged on all seven counts. *Id.* at 46-48. On March 1, 2005, the circuit court adjudicated Petitioner guilty and sentenced him to life in prison for the kidnaping to facilitate a felony count and for all three sexual battery with a deadly weapon counts, fifteen years for the sexual battery count, thirty years for the burglary of a dwelling while armed count, and five years for the grand theft of a motor vehicle count, with all sentences to run concurrently except for the burglary of a dwelling count. *Id.* at 57-67.

On March 7, 2005, Petitioner filed a direct appeal in the First District Court of Appeal (DCA), assigned case number 1D05-1011. Doc. 18 Ex. A at 4. On December 27, 2005, that court issued a per curiam affirmance without opinion. Sierra v. State, 919 So. 2d 441 (Fla. 1st DCA 2005) (table).

On May 12, 2006, Petitioner filed a motion for ineffective assistance of appellate counsel in the First DCA. Doc. 18 Ex. K at 1. During the pendency of that motion, Petitioner filed a second motion for ineffective assistance of appellate counsel and moved to voluntarily dismiss his first motion. Doc. 18 Exs. K, P. On July 19, 2006, the First DCA

dismissed Petitioner's first motion. Doc. 18 Ex. K at 1; online docket for 1D06-2368 at www.1dca.org. Petitioner moved to voluntarily dismiss his second motion for ineffective assistance of appellate counsel, and on August 1, 2006, the First DCA dismissed that motion. Doc. 18 Exs. K, P; online docket for 1D06-3457 at www.1dca.org. On September 7, 2006, Petitioner filed a third motion for ineffective assistance of appellate counsel, and on October 10, 2006, the First DCA denied that motion. Doc. 18 Ex. W at 1; online docket for 1D06-4649 at www.1dca.org.

On March 20, 2007, Petitioner filed a post-conviction motion in the state circuit court pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 18 Ex.AA at 2. The circuit court denied the Rule 3.850 motion, and on October 19, 2007, Petitioner appealed to the First DCA. Doc. 18 Ex. AA at 2; online docket for 1D07-5468 at www.1dca.org. On June 16, 2008, that court affirmed in part, reversed in part, and remanded with instructions for the circuit court to allow Petitioner the opportunity to amend his facially insufficient claims. *See* Sierra v. State, 993 So. 3d 1064, 1065 (Fla. 1st DCA 2008). On remand, the circuit court denied Petitioner's amended post-conviction motion, and Petitioner appealed to the First DCA. Doc. 18 Ex. A at 5; online docket for 1D10-5692 at www.1dca.org. On February 10, 2011, the First DCA issued a per curiam affirmance. Doc. 18 Ex. Z at 1; Sierra v. State, 53 So. 3d 1031 (Fla. 1st DCA 2011) (table). The mandate issued on February 28, 2011. Doc. 18 Ex. Z at 1.

On October 13, 2011, Petitioner filed his second Rule 3.850 motion; the circuit court denied the motion, and Petitioner appealed to the First DCA. Doc. 18 Exs. GG, HH at 1-12; online docket for 1D12-441 at www.1dca.org. The First DCA issued a per curiam

affirmance on April, 26, 2012. Doc. 18 Ex. GG; Sierra v. State, 86 So. 3d 1122 (Fla. 1st DCA 2012) (table).

As indicated above, Petitioner filed his § 2254 petition in this Court on May 10, 2012. Doc. 1 at 6. This Court issued an order directing Petitioner to amend his § 2254 petition, Doc. 7, which he amended on April 3, 2013, Doc. 14. On September 30, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely, with an incorporated memorandum of law. Doc. 18. Petitioner has not filed a reply, although given the opportunity to do so. *See* Doc. 17.

## **Analysis**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[,]" though there are later commencement dates. *Id.* at § 2244(d)(2).[1] The limitations period is tolled for the time during which a "properly filed" application for postconviction relief or other collateral review is pending in state court. *Id.* at § 2244(d)(2).

Petitioner could not seek review in the Florida Supreme Court because the First DCA per curiam affirmed his conviction without opinion. *See supra* page 2; *see also* Jackson v. State, 926 So. 2d 1262, 1265 (Fla. 2006). Thus, Petitioner's conviction became

---

[1] Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner does not argue any of the foregoing exceptions apply.

final and triggered the AEDPA statute of limitations when the time for seeking certiorari review in the U.S. Supreme Court expired on March 26, 2006, ninety days after the First DCA's decision rendered on December 27, 2005. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.

Petitioner filed his first motion for ineffective assistance of counsel on May 12, 2006, forty-eight days into the AEDPA limitations period. *See supra* page 2. This tolled the limitations period until his second motion for ineffective assistance of counsel was dismissed on August 1, 2006. *See supra* page 3. The limitations period ran for thirty-eight more days until September 7, 2006, when Petitioner filed his third motion for ineffective assistance of counsel. *See supra* page 3. The limitations period resumed on October 10, 2006, when the First DCA denied Petitioner's third motion for ineffective assistance of counsel. *See id.* At this point, the limitations period ran for 162 days until Petitioner filed his first Rule 3.850 motion on March 20, 2007. *See id.* The AEDPA limitation period remained tolled until the mandate issued on February 28, 2011, in Petitioner's appeal from the circuit court's order denying his Rule 3.850 motion. *See id.* The limitation period ran for 117 more days until it expired on June 24, 2011.

Petitioner did not file his § 2254 petition until May 10, 2012, 322 days after the AEDPA one-year time limitation expired. Petitioner's post-conviction filings that followed the AEDPA one-year time limit could no longer toll the limitations period because that period had already expired. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period

cannot toll that period because there is no period remaining to be tolled.").[2] Thus, Petitioner's § 2254 petition, filed nearly a year after the AEDPA one-year limitations period, is untimely and should be dismissed.

Although Petitioner correctly asserts that his first Rule 3.850 motion was timely, he does not address the fact that his § 2254 petition was filed after the AEDPA one-year limitations period. Additionally, Petitioner makes no argument, and the record does not indicate, that he is entitled to equitable tolling. The AEDPA limitations period may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y, Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). The record does not indicate that Petitioner attempted to file his § 2254 petition before the limitations period expired, or that any circumstances precluded him from doing so. Thus, Petitioner is not entitled to equitable tolling.

## Conclusion

In sum, the § 2254 petition, filed almost a year after the AEDPA time expired, is untimely. Additionally, Petitioner did not demonstrate the applicability of any exception to the limitations period. Thus, Respondent's motion to dismiss should be granted, and the amended § 2254 petition should be dismissed as untimely.

## Certificate of Appealability

---

[2] Additionally, the state circuit court denied Petitioner's second Rule 3.850 motion, filed on October 13, 2011, and amended on October 17, 2011, as untimely. Doc. 18 Ex. HH at 10-12. Thus, even if Petitioner filed his second Rule 3.850 motion before the limitations period expired, that motion could not have tolled the AEDPA limitations period because it was not properly filed. See Pace v. DiGuglielmo, 554 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (citing Carey v. Saffold, 536 U.S. 214, 226 (2002))).

Case No. 4:12cv246-RH/CAS

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[3] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

---

[3] It is recommended that the petition be dismissed solely on the procedural basis of timeliness. As a result, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:12cv246-RH/CAS

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 18) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (Doc. 14) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 10, 2014.

                                     **s/ Charles A. Stampelos**
                                     **CHARLES A. STAMPELOS**
                                     **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**